UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DE'ANDRE BRESHAUN TOLLIVER,

     Petitioner,

v.                                                                                Case No.  8:26-cv-1667-JLB-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.
_____/

**<u>ORDER OF DISMISSAL</u>**

Mr. Tolliver, a Florida prisoner, filed a petition for a writ of habeas corpus (Doc. 1) challenging his convictions in 2015 for first-degree murder and burglary of a dwelling with an assault entered in Hillsborough County, Florida.  The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary dismissal.

Because the petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is governed by the provisions thereof.  *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus

applications" in the federal courts, *see* 28 U.S.C. § 2244(b).  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998).  Section 2244(b) provides that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Mr. Tolliver previously sought federal habeas relief in this Court regarding the convictions he challenges here.  *See Tolliver v. Secretary, Department of Corrections*, Case No. 8:25-cv-946-WFJ-AAS (M.D. Fla.) (petition dismissed as time-barred on April 28, 2025).  The instant petition, therefore, is a second or successive petition.  Mr. Tolliver, however, has not shown that he has received authorization from the court of appeals to file a second or successive habeas petition.  Consequently, this Court lacks jurisdiction to consider the petition.  *See Burton v. Stewart*, 549 U.S. 147, 152–57 (2007) (per curiam) (holding that when a petitioner does not obtain authorization from the appropriate court of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the petition).

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED without prejudice** for lack of

jurisdiction.

2. The **Clerk** must send the Eleventh Circuit's form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) to Mr. Tolliver with his copy of this Order and close the case.[1]

**DONE and ORDERED in Tampa, Florida, on June 12, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[1] Generally, a petitioner cannot appeal an order denying relief under section 2254 unless a certificate of appealability ("COA") issues. But a COA cannot issue here because the Court cannot entertain the second or successive petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).